UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCEL PROCOPOI, DANIELA LENUTA PROCOPOI,

   Plaintiffs,

v.

CLARK COUNTY POLICE, CLARK COUNTY CHILD PROTECTIVE SERVICE,

   Defendants.

CASE NO. 3:22-CV-5920-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: August 18, 2023

The District Court has referred this action to Chief United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant Clark County Sheriff's Office's Motion to Dismiss Pursuant to 12(b)(4) and (6) ("Motion to Dismiss"). Dkt. 14.

The Court concludes Defendant Clark County Sheriff's Office is not a proper defendant in this action. Accordingly, the Court recommends the Motion to Dismiss (Dkt. 14) be granted. The Court also finds Defendant Clark County Child Protective Services has immunity. Therefore, the Court recommends the Clark County Sheriff's Office and Clark County Child Protective Services be dismissed and this case be closed.

REPORT AND RECOMMENDATION - 1

## I. Background

In the Amended Complaint, Plaintiffs appear to raise claims under 42 U.S.C. § 1983 against the Clark County Sheriff's Office and Clark County Child Protective Services. Dkt. 12. Plaintiffs challenge Defendants conduct arising from an incident when Defendants removed Plaintiffs' children from their home. *Id*.

Defendant Clark County Sheriff's Office filed the pending Motion to Dismiss on July 6, 2023. Dkt. 14. In the Motion to Dismiss, the Clark County Sheriff's Office asserts it should be dismissed from this action because (1) it was not properly served; (2) the Clark County Sheriff's Office is not a legal entity capable of being sued; and (3) Plaintiffs have failed to state a claim upon which relief can be granted. *Id*. Plaintiffs did not file response to the Motion to Dismiss, but, on July 10, 2023, filed a document that purportedly shows the summons and complaint were mailed to Defendants. Dkt. 16.

## II. Standard of Review

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

### III. Discussion

Regardless of whether Plaintiffs properly served the Clark County Sheriff's Office or stated a claim against this Defendant, the Clark County Sheriff's Office is not a legal entity capable of being sued under 42 U.S.C. § 1983. Rather, the appropriate municipality – Clark County -- would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016).[1] As the Clark County Sheriff's

---

[1] The Court notes that to set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. Plaintiffs did not name Clark County as a defendant in this action. *See* Dkt. 12. Further, Plaintiffs have not set forth facts in the Amended Complaint showing Clark County would be liable under § 1983.

Office is not a proper defendant in this action, the Court recommends the Motion to Dismiss be granted and the Clark County Sheriff's Office be dismissed from this action.[2]

Plaintiff also names Clark County Child Protective Services. It does not appear Clark County Child Protective Services exists. Rather, Child Protective Services ("CPS") is part of the Washington State Department of Children, Youth, and Families. To the extent Plaintiffs are attempting to name CPS as a defendant, CPS must be dismissed. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted).

Here, there is no indication CPS, a state agency, has waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiffs cannot state a claim upon which relief can be granted as to CPS and recommends CPS be dismissed. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State

---

[2] As the Court finds the Clark County Sheriff's Office is not a legal entity capable of being sued and must be dismissed from this action, the Court declines to consider remaining arguments presented in the Motion to Dismiss. However, the Court notes the Clark County Sheriff's Office asserts it was never properly served. Dkt. 14. On July 10, 2023, Plaintiffs filed documents appearing to show summons were mailed to the Clark County Police and Clark County Child Protective Services. Dkt. 16. This is not sufficient to show Defendants were properly served and there is nothing else in the record indicating Plaintiffs properly served either Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").[3]

Based on the above stated reasons, Plaintiffs have failed to state a claim upon which relief can be granted as to either Defendant named in this lawsuit. The Court finds Plaintiffs cannot cure the deficiencies of the Amended Complaint. Therefore, the Court recommends Plaintiffs should not be given leave to amend.

## IV. Conclusion

In conclusion, the Clark County Sheriff's Office is not a legal entity capable of being sued and CPS has immunity under the Eleventh Amendment. Further, the deficiencies of Plaintiffs' Amended Complaint cannot be cured. Therefore, the Court recommends the Motion to Dismiss (Dkt. 14) be granted, Clark County Sheriff's Office and CPS be dismissed from this action, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

---

[3] A district court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001); *Omar v. Sea–Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). The district court must, however, give notice of its intention to dismiss and must afford the plaintiff an opportunity to at least submit a written memorandum in opposition to the dismissal. *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017). This Report and Recommendation does not *sua sponte* dismiss the claims against CPS, but only recommends dismissal. Therefore, it constitutes the requisite notice to Plaintiffs that the claims against CPS are barred by Eleventh Amendment immunity. Plaintiffs have an opportunity to oppose dismissal on this ground in their Objections to the Report and Recommendation. *See Cooksey v. Taylor*, 2011 WL 3756342, *6 n.5 (C.D. Cal., Jul. 26, 2011), *adopted by* 2011 WL 3756240 (C.D. Cal., Aug. 24, 2011) (citing cases that note a report and recommendation provides adequate notice of contemplated *sua sponte* dismissal because the parties can object before the district judge dismisses the case).

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 18, 2023, as noted in the caption.

Dated this 1st day of August, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6